IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| BILLY EUGENE STARNS, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. CIV-07-925-HE |
| | ) |
| ERIC R. FRANKLIN, *et al.*, | ) |
| | ) |
| Respondents. | ) |

# REPORT AND RECOMMENDATION
## CONCERNING THE PROPER PARTIES

The Petitioner, Mr. Billy Starns, is a state prisoner seeking a writ of habeas corpus under 28 U.S.C. § 2254.[1] Three of the respondents seek dismissal, contending they are not proper parties.[2] The Court should grant the request.

Mr. Starns properly identified Mr. Eric Franklin as a party. But, Mr. Starns also named three other respondents:

- the Director of the Department of Corrections,

- the Oklahoma County District Court, and

- the State of Oklahoma.[3]

---

[1]     Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 by a Person in State Custody (Aug. 17, 2007).

[2]     Motion to Dismiss Parties Respondent (Sept. 10, 2007).

[3]     Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 by a Person in State Custody at p. 1 (Aug. 17, 2007).

The only proper respondent is the Petitioner's custodian,[4] who is Mr. Franklin.[5] The Director of the Department of Corrections, the Oklahoma County District Court, and the State of Oklahoma are improperly designated as respondents.[6] Accordingly, the Court should grant the motion to dismiss, with Mr. Franklin remaining as the only proper respondent.

The Petitioner has the right to object to this report and recommendation.[7] Such objections must be filed with the Court Clerk for the United States District Court.[8] The deadline for objections is November 19, 2007.[9] The failure to timely object to this report and recommendation would preclude appellate review of the suggested ruling.[10]

This report and recommendation does not terminate the referral.

---

[4] *See* 28 U.S.C. § 2243 (2000) ("The writ [of habeas corpus]. . . shall be directed to the person having custody of the person detained.").

[5] *See Rumsfeld v. Padilla*, 542 U.S. 426, 435-36 (2004) (stating that in "'core'" habeas challenges, "the proper respondent is the warden of the facility where the prisoner is being held" (citations omitted)).

[6] *See Harris v. Champion*, 51 F.3d 901, 906 (10th Cir. 1995) ("Because neither the Oklahoma court nor its judges were plaintiffs' custodians, they were not proper parties to a habeas action and the district court did not err in dismissing plaintiffs' habeas claims against them."); *Moles v. State*, 384 F. Supp. 1148, 1150 (W.D. Okla. 1974) (holding that habeas jurisdiction does not exist when the petition named the State of Oklahoma and a county as the only respondents).

[7] *See* 28 U.S.C. § 636(b)(1) (2000).

[8] *See Haney v. Addison*, 175 F.3d 1217, 1219-20 (10th Cir. 1999).

[9] *See* W.D. Okla. LCvR 72.1.

[10] *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

Entered this 30th day of October, 2007.

_Robert E. Bacharach_
Robert E. Bacharach
United States Magistrate Judge