IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| BILLY EUGENE STARNS, | ) |
| Petitioner, | ) ) ) |
| v. | ) Case No. CIV-07-925-HE |
| ERIC R. FRANKLIN, *et al.*, | ) ) ) |
| Respondents. | ) ) |

## ORDER

In ground one of his habeas petition, Mr. Billy Starns alleges involuntariness of a guilty plea based on a misrepresentation about the sentence.[1] The Court orders an evidentiary hearing on this claim.

## BACKGROUND

In 2002, Mr. Starns was convicted of driving under the influence of alcohol and having actual physical control of a motor vehicle while under the influence of alcohol.[2] Parts of the sentences were suspended.[3] In 2005 and 2006, officials charged Mr. Starns with new crimes and the State sought revocation of the suspended sentences. In 2006, Mr. Starns pled

---

[1]  Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 by a Person in State Custody (Aug. 17, 2007) ("Petition").

[2]  Plea of Guilty and Summary of Facts, *State v. Starns*, Case Nos. CF-2001-597 & CF-2001-1082 (Okla. Co. Dist. Ct. Apr. 23, 2002).

[3]  In Case No. CF-2001-597, the court ordered the Petitioner to serve the first six months and suspended the remaining time. Plea of Guilty and Summary of Facts, *State v. Starns*, Case Nos. CF-2001-597 & CF-2001-1082 (Okla. Co. Dist. Ct. Sept. 8, 2006). In Case No. CF-2001-1082, the entire sentence was suspended. *Id.*

guilty to the new criminal charges and to the requests for revocation of the suspended sentences.[4] For the new criminal charges, the judgments indicated that the prison terms would run consecutively.[5] But in the revocation orders and related plea, the court stated that the prison terms in the new criminal cases would run concurrently.[6]

In ground one of the habeas petition, Mr. Starns alleges involuntariness of his 2006 guilty plea. The threshold issue is whether to conduct an evidentiary hearing and the Court answers in the affirmative.

## STANDARD FOR AN EVIDENTIARY HEARING

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") restricts the availability of evidentiary hearings when a habeas petitioner fails to develop the factual basis of his claim in state court.[7] But in state court, Mr. Starns did attempt to develop the factual foundations for his first claim. For example, there Mr. Starns submitted copies of the orders

---

[4] Plea of Guilty and Summary of Facts, *State v. Starns*, Case Nos. CF-2001-597 & CF-2001-1082 (Okla. Co. Dist. Ct. Sept. 8, 2006); Plea of Guilty and Summary of Facts, *State v. Starns*, Case Nos. CF-2005-212 & CF-2006-5483 (Okla. Co. Dist. Ct. Sept. 8, 2006).

[5] Judgment and Sentence, *State v. Starns*, Case No. CF-2005-212 (Okla. Co. Dist. Ct. Sept. 13, 2006); Amended Judgment and Sentence, *State v. Starns*, Case No. CF-2006-5483 (Okla. Co. Dist. Ct. July 19, 2007).

[6] Order Revoking Suspended Sentence, *State v. Starns*, Case No. CF-2001-597 (Okla. Co. Dist. Ct. Sept. 8, 2006); Order Revoking Suspended Sentence, *State v. Starns*, Case No. CF-2001-1082 (Okla. Co. Dist. Ct. Sept. 8, 2006); Plea of Guilty and Summary of Facts, *State v. Starns*, Case Nos. CF-2001-597 & CF-2001-1082 (Okla. Co. Dist. Ct. Sept. 8, 2006); *see also infra* pp. 5-6.

[7] *See* 28 U.S.C. § 2254(e)(2) (2000).

revoking the suspended sentences[8] and requested an evidentiary hearing.[9] As a result, the AEDPA restriction does not apply,[10] and Mr. Starns is entitled to an evidentiary hearing if proof of his allegations would justify habeas relief.[11]

## **THE ALLEGED INVOLUNTARINESS OF THE PLEA**

In ground one, Mr. Starns alleges that the guilty plea in the 2005 and 2006 cases was involuntary because he had relied on a representation that the two ten-year sentences were to run concurrently.[12] Because a factual dispute exists regarding the Petitioner's belief, an evidentiary hearing is necessary.

The State relies on documents in the new criminal cases, which stated that the two ten-year terms would run consecutively. Mr. Starns argues that he had pled guilty based on a belief that the terms would run concurrently. A swearing match exists and the state court

---

[8] *See* Application to Have the J & S Corrected or in the Alternative Application for Appeal Out of Time and Request for Appointment of Counsel at p. 2, *Starns v. State*, Case Nos. CF-2001-597, CF-2001-1082, CF-2005-212, CF-2006-5483 (Okla. Co. Dist. Ct. Feb. 15, 2007); "Petition in Error" and Request for Appointment of Counsel at pp. 5-6, *Starns v. State*, Case No. PC-2007-228 (Okla. Crim. App. Mar. 13, 2007).

[9] "Petition in Error" and Request for Appointment of Counsel at pp. 6, 9, 12, 16, *Starns v. State*, Case No. PC-2007-228 (Okla. Crim. App. Mar. 13, 2007).

[10] *See Williams v. Taylor*, 529 U.S. 420, 437 (2000); *Miller v. Champion*, 161 F.3d 1249, 1253 (10th Cir. 1998).

[11] *See Stouffer v. Reynolds*, 168 F.3d 1155, 1168 (10th Cir. 1999).

[12] Petition at pp. 5, 7, 14-15; Petitioner's Response to Respondent's Response to Petition for Writ of Habeas Corpus, *passim* (October 24, 2007) ("Petitioner's Response").

record is conflicting.  In these circumstances, the Court must conduct an evidentiary hearing to ascertain whose version is accurate.[13]

The Fourteenth Amendment's Due Process Clause permits a guilty plea only if it is knowing and voluntary.[14] The plea must represent a deliberate, intelligent choice;[15] and the defendant must have "a full understanding of what the plea connotes and of its consequence."[16] A plea may be considered involuntary if the defendant believed that he would serve less than his full sentence and the belief grew out of a material misrepresentation by the defendant's attorney or the prosecutor and affected the decision to plead guilty.[17]

Mr. Starns argues that when he pled guilty, he believed that the two ten-year sentences would run concurrently.[18] The Petitioner has presented evidence that his belief was based on a representation by his attorney, the prosecutor, and the trial judge.[19] If Mr. Starns' allegations are proven, he could be entitled to habeas relief.

---

[13]   The Petitioner also alleges ineffective assistance of trial counsel for failure to disclose appeal rights and inquire about a desire to appeal.  Petition at pp. 7, 15.  This ground will be addressed once counsel is appointed.

[14]   *See Boykin v. Alabama*, 395 U.S. 238, 242 (1969).

[15]   *See Parke v. Raley*, 506 U.S. 20, 28 (1992).

[16]   *See Boykin v. Alabama*, 395 U.S. at 244.

[17]   *See Cunningham v. Diesslin*, 92 F.3d 1054, 1061 (10th Cir. 1996); *Laycock v. New Mexico*, 880 F.2d 1184, 1186 (10th Cir. 1989).

[18]   Petition at pp. 5, 7, 14-15; Petitioner's Response, *passim*.

[19]   Petition at pp. 5, 7, 14-15; Petitioner's Response, *passim*; *see supra* pp. 1-2.

The court addressed similar circumstances in *Ward v. Page*, 238 F. Supp. 431 (E.D. Okla. 1965). There the petitioner pled guilty and obtained a 40-year sentence.[20] Following the plea, the petitioner served the remainder of a prior sentence and began serving the 40-year sentence.[21] The petitioner claimed the plea was involuntary because he had believed that the 40-year sentence would run concurrently with the remainder of the prior sentence.[22] This belief had been supported by representations on the part of the defense attorney, the trial judge, and the prosecutor.[23] The court concluded that the plea was invalid because it had been based on unfulfilled representations.[24]

*Ward v. Page* would support habeas relief if the Petitioner's allegations are proven. Mr. Starns alleges that he had pled guilty with the understanding that the sentences were to be served concurrently. According to the Petitioner, this belief was based on representations in three documents. These representations were signed by his attorney, the prosecutor, and the district judge, and stated:

- "CF-05-212, CF-06-5483, CF-01-597, CF-01-1082 all to run [concurrent],"[25] and

---

[20]   *See Ward v. Page*, 238 F. Supp. at 431.

[21]   *See Ward v. Page*, 238 F. Supp. at 433.

[22]   *See Ward v. Page*, 238 F. Supp. at 432.

[23]   *See Ward v. Page*, 238 F. Supp. at 436.

[24]   *See Ward v. Page*, 238 F. Supp. at 436.

[25]   Plea of Guilty and Summary of Facts, *State v. Starns*, Case Nos. CF-2001-597 & CF-2001-1082 (Okla. Co. Dist. Ct. Sept. 8, 2006); *see supra* p. 2.

- the sentences imposed in the 2001, 2005, and 2006 cases were to "All Run [concurrent]."[26]

According to the Respondent, Mr. Starns entered the plea with knowledge that the sentences were to run consecutive. In support, the Respondent:

- claims a "scrivener's error" in the orders revoking the 2001 sentences and

- cites one of the guilty pleas, which stated that the sentences in the new criminal cases were to run consecutively.[27]

The Court can only resolve the factual dispute once the Petitioner has had an opportunity to present testimonial evidence on the claim. At the present stage, the only issue is whether proof of the Petitioner's allegations would justify habeas relief. They would, and Mr. Starns is entitled to an evidentiary hearing.

The Third Circuit Court of Appeals addressed a similar situation in *Zilich v. Reid*, 36 F.3d 317 (3d Cir. 1994). Following a guilty plea, the defendant was sentenced to time in prison.[28] On habeas review, the petitioner alleged that the plea was involuntary because he had expected to obtain probation.[29] The district court denied the petition without an

---

[26] Order Revoking Suspended Sentence, *State v. Starns*, Case No. CF-2001-597 (Okla. Co. Dist. Ct. Sept. 8, 2006); Order Revoking Suspended Sentence, *State v. Starns*, Case No. CF-2001-1082 (Okla. Co. Dist. Ct. Sept. 8, 2006); *see supra* p. 2.

[27] *See* Response to Petition for Writ of Habeas Corpus at p. 7 (Sept. 10, 2007); Plea of Guilty and Summary of Facts, *State v. Starns*, Case Nos. CF-2005-212 & CF-2006-5483 (Okla. Co. Dist. Ct. Sept. 8, 2006).

[28] *See Zilich v. Reid*, 36 F.3d at 319.

[29] *See Zilich v. Reid*, 36 F.3d at 318-19.

evidentiary hearing.[30]  The appellate court reversed, concluding that the defendant had offered specific testimony that would negate the voluntariness of the plea and establish a belief that he would obtain probation.[31]  Because the factual dispute required a credibility determination, the court concluded that an evidentiary hearing was necessary.[32]

*Zilich v. Reid* is instructive.  As in *Zilich*, a factual dispute exists regarding the Petitioner's belief about the consequences of the plea.  Because this dispute cannot be resolved on the existing record, Mr. Starns is entitled to an opportunity to prove his allegations at an evidentiary hearing.

## **APPOINTMENT OF COUNSEL**

In light of the necessity of an evidentiary hearing, Mr. Starns is entitled to legal representation.[33]  But the Petitioner cannot afford to hire an attorney.[34]  Accordingly, the Petitioner should state by November 15, 2007, whether he desires appointment of counsel.

---

[30]   *See Zilich v. Reid*, 36 F.3d at 319.

[31]   *See Zilich v. Reid*, 36 F.3d at 321.

[32]   *See Zilich v. Reid*, 36 F.3d at 321-23.

[33]   *See* Rule 8(c), Rules Governing Section 2254 Cases in the United States District Courts ("If an evidentiary hearing is warranted, the judge must appoint an attorney to represent a petitioner who qualifies to have counsel appointed under 18 U.S.C. § 3006A."); *see also Swazo v. Wyoming Department of Corrections State Penitentiary Warden*, 23 F.3d 332 (10th Cir. 1994) (concluding that the district court should have granted a habeas petitioner's request for appointment of counsel in light of the necessity of an evidentiary hearing).

[34]   The Court found that Mr. Starns could not afford to pay the $5.00 filing fee.  Order Granting Leave to Proceed *in Forma Pauperis* (Aug. 21, 2007).

So ordered this 31st day of October, 2007.

_____
Robert E. Bacharach
United States Magistrate Judge